UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAULA HAUG, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

PETSMART, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

    Defendant.

No. 2:10-cv-00990-MCE-KJM

**ORDER**

----oo0oo----

Through the present class action lawsuit, Plaintiff Paula Haug ("Plaintiff") seeks various damages on both her own behalf and on behalf of other purported class members for alleged violations of the Song-Beverly Credit Card Act, California Civil Code § 1747.08 ("the Act"), in requesting personal information from customers in the course of certain credit card transactions. The damages sought by Plaintiff include not only statutory penalties, but also requests to injunctive relief, general damages, special damages, punitive damages and so-called cy pres relief.

1

1 Defendant PetSmart, Inc. ("Defendant") now moves to strike those
2 additional damages pursuant to Federal Rule of Civil Procedure
3 12(f)[1] on grounds that permissible damages under the Act are
4 limited to statutory penalties.  Defendant further moves to
5 strike Plaintiff's request for a jury trial, also in accordance
6 with Rule 12(f), on grounds that no such right is conferred.
7 Defendant alternatively requests that judgment on the pleadings,
8 pursuant to Rule 12(c) be entered as to the allegedly improper
9 damages Defendant identifies.
10     Plaintiff has filed a Statement of Non-Opposition to
11 Defendant's Motion.  While Plaintiff expressly concedes her lack
12 of opposition to Defendant's requests that her prayer for
13 injunctive relief, general damages, and special damages be
14 stricken, and further concedes that a jury trial is not
15 indicated, Plaintiff nonetheless qualifies her non-opposition by
16 asking that the Court not issue any ruling with respect to *cy*
17 *pres* damages on grounds that Defendant's Motion did not address
18 those damages.  Plaintiff's non-opposition also does not address
19 the issue of punitive damages one way or the other.  Plaintiff
20 does ask, however, that actual judgment not be rendered so as not
21 to adversely affect unnamed class members with unknown potential
22 damages.
23    A Motion to Strike is specifically designed to remove, among
24 other things, any "impertinent" matter from a complaint. Fed. R.
25 Civ. P. 12(f).
26 ///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

To the extent that Defendant claims that certain damages are unavailable to Plaintiff as a matter of law or that her demand for jury trial cannot be sustained, a Motion to Strike under Rule 12(c) is the proper vehicle to remove such requests. See, e.g., Tapley v. Lockwood Green Engineers, Inc., 502 F.3d 559, 560 (8th Cir. 1974); Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005). The Court will therefore proceed with adjudicating this matter through Rule 12(f), rather by way of rendering any judgment on the pleadings under Rule 12(c), given its conclusion that a 12(c) motion is more properly directed to the entirety of a particular cause of action, rather than to the impropriety of damages request that does not compromise the overall integrity of the claim itself.

While Plaintiff attempts to exempt *cy pres* damages from the Court's ruling, and further does not directly address the availability of punitive damages under the Act, the statutory language of the Act unequivocally authorizes only civil penalties. Cal. Civ. Code § 1747.08(e). No other damages are mentioned.

Prior to enactment of the Act, existing law neither authorized or prohibited merchants from requiring personal information as part of a credit card transaction. Korn v. Polo Ralph Lauren Corp., 644 F. Supp. 2d 1212, 1219 (E.D. Cal. 2008). Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided. Id., citing Estate of Starkweather, 64 Cal. App. 4th 580, 593 (1998).

///

3

1  Here, the Act unambiguously authorizes only statutory penalties,
2  and consequently no other damages are available.  That precludes
3  both *cy pres* damages and punitive damages, as well as the other
4  damages whose excision Plaintiff has not opposed in any way.
5       Based on the foregoing, Plaintiff's Motion (Docket No. 12)
6  is GRANTED under Rule 12(f).[2]  The Court need not rule upon the
7  ultimate propriety of Plaintiff's alternative request that the
8  offending portions of Plaintiff's Complaint be adjudicated by way
9  of a motion for judgment on the pleadings, and declines to do so.
10      IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not deemed to be of material assistance, the Court ordered this matter submitted on the briefs pursuant to E.D. Local Rule 230(g).

4